**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STERLING CROSSLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-100-JFH-DES |
| | ) | |
| TERRY PARK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant, Terry Park's ("Defendant" or "Park") Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(4) and (6). (Docket No. 9). On April 29, 2025, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all proceedings, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 12). On February 6, 2026, this case was reassigned to United States District Judge John F. Heil, III. (Docket No. 31). For the reasons set forth below, the undersigned Magistrate Judge recommends Defendant's Motion to Dismiss be GRANTED.

**I.    Background**

Pro se Plaintiff, Sterling Crosslin, ("Plaintiff") originally filed this civil rights action against Defendant in the District Court of Choctaw County, State of Oklahoma, however; Defendant subsequently removed the case to this Court based on Federal Question Jurisdiction. (Docket No. 2). Plaintiff's Complaint claims that his Fifth, Eighth and Fourteenth Amendment constitutional rights were violated when unnamed law enforcement officials allegedly failed to have search or arrest warrants for his December 25, 2022, and August 22, 2023, arrests. (Docket No. 2-2 at 3-4). It also appears that Plaintiff is alleging excessive force, from being in a home

1

without power for two hours while being exposed to tear gas. *Id.* at 4. Finally, Plaintiff appears to make a conditions of confinement claim resulting from him allegedly being held in an observation cell after being placed on suicide watch. He contends that despite not being suicidal, he spent seventy-two hours in a "suicide cell" naked, without hygiene, blanket, bed or camera. *Id.*

On April 11, 2025, Defendant filed his Motion to Dismiss, arguing generally that Plaintiff failed to state a plausible claim against Defendant in his official capacity and his individual capacity and failed to provide sufficient process in violation of Fed. R. Civ. P. 12(b)(4) and (6). (Docket No. 9). Plaintiff filed his Response on June 12, 2025. (Docket No. 20). This matter now fully briefed and ripe for decision.

## II.    Analysis

### a.  Fed. R. Civ. P. 12(b)(4)

Fed. R. Civ. P. 12(b)(4) allows for a defendant to assert a defense for "insufficient process." *Miller v. Tulsa Cmty. Found.*, Case No. 23-CV-171-SEH-SH, 2025 WL 848464, at *1 (N.D. Okla. Mar. 18, 2025) (unpublished). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *Id.* (quoting *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *2 n.3 (10th Cir. June 26, 2023) (internal quotation marks omitted). Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id*. A dismissal under Rule 12(b)(4) is proper if the defendant is prejudiced by the summons' defect. *Id.* (citing *Ross v. Aerotek Aviation*, LLC, No. 04-CV-750-TCK-SAJ, 2005 WL 8174979, at *1 (N.D. Okla. Nov. 17, 2005) and 4A Wright & Miller, Fed. Prac. & Proc. Civ. § 1088 (4th ed. June 2024 update). If a summons is defective, a court can quash the process without dismissing the entire case. *Id.* (citing *Pickup v. District Court of Nowata Cnty.,*

2

*Okla.*, No. CIV 20-0346 JB/JFJ, 2023 WL 1394896, at *42 (N.D. Okla. Jan. 31, 2023); *Logan v. Oklahoma City Police Dep't*, No. CIV-22-1083-F, 2023 WL 1930008, at *1 n.2 (W.D. Okla. Feb. 10, 2023).

Under Rule 4(a), the contents of a summons must "name the court," "state the name and address of the plaintiff," as well as "state the time within which the defendant must appear and defend," "be signed by the clerk," and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(A), (C), (D), (F) and (G). Defendant argues the summons he received at the outset of this case appeared to be issued by the United States District Court for the Western District of Oklahoma, however, it was signed and sealed by the Choctaw County District Court Clerk. (Docket No. 9 at 19 citing Docket No. 2-3). While it appears that Plaintiff's summons is defective as the issuing Court used the wrong form, it is nonetheless excusable neglect and Defendant is not prejudiced by the defect. Defendant was listed in the case caption of the summons and he filed his Motion to Dismiss in response to Plaintiff's Complaint, showing he had notice of the suit brought against him.

### b.  Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard and held that to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must

"give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to construe the allegations of a complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (quotation omitted).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

### i.   Official Capacity Claims

Plaintiff fails to indicate whether he has filed suit against Defendant Park in his official capacity or individual capacity. To the extent that Plaintiff asserts claims against Defendant in his official capacity pursuant to 42 U.S.C § 1983, Defendant argues that Plaintiff has failed to state a plausible claim in which relief can be granted. (Docket No. 9 at 9). To state a viable § 1983 claim against Defendant in his official capacity, Plaintiff must show an underlying violation of his constitutional rights. *Id.* at 10. The Tenth Circuit has held that "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1150 (10th Cir. 2020) (quoting *Hinton v. City of Elwood*,

4

997 F.2d 774, 782 (10th Cir. 1993)). This is true "regardless of whether the municipality's policies might have 'authorized' such harm." *Hinton*, F2d 774 at 782 (quoting *City of Los Angeles v. Heller*, 475 U.S. 796 (1986)); *see also Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006) (a plaintiff suing a county under § 1983 for the actions of one of its officers must demonstrate that a municipal employee committed a constitutional violation); *Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001) (defendants' actions did not violate constitutional rights and could not have caused the county to be held liable based on their actions).

Here, Plaintiff fails to allege an underlying constitutional violation for any of the potential claims in this lawsuit. Although Plaintiff's Complaint alleges "they did not have search warrants for the dates of Dec 25th 2022 nor for Aug 22nd 2023 arrest," (Docket No. 2-2 at 4), Defendant correctly asserts there are instances when officers can search a home without a warrant. (Docket No. 9 at 11). "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1979). "But the presumption is not absolute." *United States v. Najar*, 451 F.3d 710, 713 (10th Cir. 2006). "'When faced with special law enforcement needs, diminished expectations of privacy, minimal intrusions, or the like, the Court has found that certain general, or individual, circumstances may render a warrantless search or seizure reasonable.'" *Id.* (quoting *Illinois v. McArthur*, 531 U.S. 326, 330 (2001). Although Plaintiff's Complaint indicates that he existed the house, it does not state that officers actually searched the house he was in.

In his Response brief, Plaintiff alleges, "Police officers need a search warrant to deploy 'tear gas' into someone's home. Deploying tear gas constitutes a search and seizure under the Fourth Amendment, which requires a warrant based on probable cause to be considered reasonable." (Docket No. 20 at 1). Plaintiff also admits that there was a "probable cause affidavit

5

for [the] date [of] Aug 22nd 2023," *id.*, which according to his Complaint was in fact the date the tear gas was deployed. (See Docket No. 2-2 at 4). Plaintiff does not present any facts that would show the deployment of tear gas was in violation of his constitutional rights. Quite the opposite, as the facts alleged in Plaintiff's Complaint and Response indicate Plaintiff barricaded himself in his home which resulted in unnamed officers having to deploy tear gas to extricate him from the home. Based on these facts, the undersigned Magistrate Judge does not find any alleged constitutional violation.

Most importantly, Plaintiff's Complaint does not tie Defendant Park in his official capacity to the allegations regarding the deployment of tear gas or Plaintiff's ultimate arrest. His vague use of "they" is not sufficient to tie Defendant Park to the actions of any unidentified officers. Accordingly, Plaintiff has not sufficiently pled a claim of constitutional violation against Defendant Park in his official capacity.

Similarly, Plaintiff's Conditions of Confinement Claim is likewise void of sufficient factual allegations which would allow the Court to draw the reasonable inference that a constitutional violation occurred. Plaintiff's Complaint alleges he was never suicidal but had to spend over seventy-two hours inside a "suicide" cell naked, without hygiene, blanket, bed, or camera present. (Docket No. 2 at 4). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement . . . the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citations omitted). The United States Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eight Amendment violation.'" *Wilson v. Seiter*, 501 U.S. 294, 291 (1991) (quoting *Rhodes v. Chapman*,

452 U.S. 337, 347 and 349 (1981)). For a conditions of confinement claim, a plaintiff must show an objective and subjective component. *Id*. "First, the deprivation alleged must be objectively, sufficiently serious …. posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, there must be a deliberate indifference state of mind regarding inmate health or safety. *Id*. As to the first point, Plaintiff does not allege any injuries he suffered as a result of his detention, nor does he argue that his conditions of confinement even posed a risk for harm. While he argues he has never been suicidal,  "if Plaintiff was placed in an observation cell due to concerns about his safety, it is necessary to remove items that may be used to harm himself. Being without hygiene products, blanket, or bed for seventy-two hours is not serious enough to warrant a conditions of confinement claim, given the circumstances of him being on suicide watch." (Docket No. 9 at 13).

As to the second point, Plaintiff fails to even allege which facility he was being held at or who in that facility acted with deliberate indifference to his health or safety. Rather, from the facts alleged it would seem that the facility where he was being held secluded him for his safety based on their assessment that he might be suicidal. Once again, Plaintiff has failed to allege that Defendant Park in any way participated in his confinement or was in charge of the officers who did. From the Complaint, the undersigned Magistrate Judge cannot find facts sufficient to state viable conditions of confinement claim against Defendant Park. Concluding that Plaintiff has failed to allege any underlying constitutional violation, the undersigned Magistrate Judge finds Plaintiff has failed to state a viable 42 U.S.C. § 1983 claim against Defendant Park in his official capacity.

### ii.     Individual Capacity

Now we turn to whether Plaintiff has sufficiently pled any claims against Defendant Park in his individual capacity and for essentially the same reasons discussed above, the undersigned Magistrate Judge finds he has not. To show a constitutional violation by a defendant in his individual capacity under § 1983, a plaintiff "must establish the defendant acted under color of state law and caused or contributed to the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991), overruled on other grounds, *Lewis v. Casey*, 518 U.S. 343 (1996)); *see also Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). In order for individual liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007) (police officer who was present at scene but who did not assist or direct other officer in removing arrestee from vehicle did not violate Fourth Amendment; he did not "personally participate" in the use of the twist-lock restraint). Plaintiff must identify "a deliberate, intentional act" done by the defendant that violates his constitutional rights. *Jenkins*, 81 F.3d at 994-95.  As Defendant points out, the Complaint is utterly devoid of any allegations indicating that Defendant Park himself personally participated in any alleged violation of Plaintiff's constitutional rights. (Docket No. 9 at 15). Plaintiff's Complaint never states that Defendant Park was personally present during the supposed events, does not indicate that Defendant Park personally participated in the events, or that Defendant Park personally violated any of Plaintiff's constitutional rights. *Id*. In fact, other than naming them in the Defendant section, Plaintiff does not mention Defendant Park nor the Choctaw County Sheriff in any portion of his fact's recitation. Accordingly, the undersigned Magistrate Judge finds that Plaintiff has failed to

state a plausible 42 U.S.C. § 1983 claim against Defendant Park in his individual capacity and recommends Defendant's Motion to Dismiss be GRANTED.

### III.    Conclusion

For the reasons set forth herein, although the summons contained a technical defect, such deficiency constitutes excusable neglect and does not warrant dismissal under Rule 12(b)(4) because Defendant suffered no prejudice. However, dismissal is appropriate under Rule 12(b)(6) because Plaintiff does not allege sufficient facts to establish an underlying constitutional violation or to link Defendant to any alleged misconduct. Plaintiff's claims are either unsupported by specific factual allegations or fail to rise to the level of constitutional violations. Moreover, Plaintiff does not demonstrate Defendant Park's personal participation or deliberate indifference, as required to sustain individual liability. Accordingly, the Complaint fails to meet the pleading standards of Rule 8 and does not state a claim upon which relief can be granted under Rule 12(b)(6), as it consists only of conclusory assertions without factual support sufficient to render his claims plausible. Accordingly, the undersigned Magistrate Judge RECOMMENDS Defendant's Motion to Dismiss be GRANTED in its entirety dismissing Plaintiff's claims without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 30th day of March, 2026.

_____

D. Edward Snow
United States Magistrate Judge